UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GIRK,<br><br>        Plaintiff,<br><br>    v.<br><br>JOE A. LIZARRAGA,<br><br>        Defendant. | Case No.15-cv-05581 NC<br><br>**ORDER OF SERVICE**<br><br>Re: Dkt. No. 1 |

Petitioner Joseph Girk, a state prisoner incarcerated at Mule Creek State Prison, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.    BACKGROUND

Girk was convicted by a jury of two first degree residential burglaries in the Lake County Superior Court of the State of California.  On October 19, 2012, he was sentenced to 55 years to life in state prison.  Girk received two 25-year terms under the California Three Strikes Law, and a consecutive 5-year term for a prior conviction of residential burglary.  Girk unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on August 13, 2014, denied review of a petition allegedly raising the same claims raised here.  The Supreme Court of California also denied a later Petition for Writ of Habeas Corpus on December 10, 2014.

## II.   DISCUSSION

### A.    Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  It must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B.    Girk's Legal Claims

Girk seeks federal habeas corpus relief by raising the following claims: (1) the trial court did not consider substantial evidence suggesting he was not competent to stand trial, and did not initiate proceedings to determine competency; (2) he received ineffective assistance of counsel because his attorney failed to present evidence regarding Girk's incompetency to stand trial; and (3) a violation of his Eighth Amendment rights.  Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

## III.   CONCLUSION

For the foregoing reasons and for good cause shown:

1. The clerk must serve by certified mail a copy of this order and the petition and all attachments thereto upon respondent.  The clerk must also serve a copy of this order on petitioner.

2. Respondent must file with the Court and serve on petitioner, within 60 days of the date of this order, an answer showing why a writ of habeas corpus should not be issued.  Respondent must file with the answer and

United States District Court
Northern District of California

serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent must file a consent or declination to magistrate judge jurisdiction within 14 days.  A copy of the form is attached to this order.

**IT IS SO ORDERED.**

Dated:  September 28, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSEPH GIRK,<br><br>        Plaintiff,<br><br>    v.<br><br>JOE A. LIZARRAGA,<br><br>        Defendant. | Case No.  15-cv-05581-NC<br><br>**CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION** |

INSTRUCTIONS: Please indicate below by checking one of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline magistrate judge jurisdiction in this matter. Sign this form below your selection.

**( )  Consent** to Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

        OR

**( )  Decline** Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE:

NAME:
COUNSEL FOR:
(OR "PRO SE:)

_____
Signature